**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-4401**

─────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MICHAEL ANTHONY MATA,

                    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:19-cr-00507-D-1)

─────────────

Submitted:  September 20, 2023                              Decided:  October 12, 2023

─────────────

Before AGEE and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Andrew DeSimone, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Mallory Brooks Storus, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Anthony Mata pled guilty without a plea agreement to assault on a federal officer inflicting bodily injury in violation of 18 U.S.C. § 111(a)(1), (b). Based on his relevant conduct and criminal history, Mata's Sentencing Guidelines range was 100 to 125 months' imprisonment. Mata requested a downward variance, noting that he was recovering from gunshot injuries at the time of the assault and was frustrated because he was having to relearn how to talk. He further noted that he was remorseful, had a supportive family, and had ongoing medical issues. The Government requested a 125-month term of imprisonment. The court denied Mata's motion for a variance and sentenced him to 114 months' imprisonment, in the middle of the Guidelines range. On appeal, Mata asserts that his 114-month within-Guidelines sentence is procedurally unreasonable because the court failed to address most of his arguments for a lower sentence. He further contends that his sentence is substantively unreasonable because at the time he punched the victim, he was incompetent, committed to a mental health unit, wheelchair-bound, and relearning to speak, read, write, and walk after being shot 12 times. We affirm.

We review "the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (alteration in original) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). We are obliged to first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the

2

Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* (citing *Gall*, 552 U.S. at 51). "[T]he district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why [it] has rejected those arguments. Importantly, in a routine case, where the district court imposes a within-Guidelines sentence, the explanation need not be elaborate or lengthy." *United States v. Fowler*, 58 F.4th 142, 153 (4th Cir. 2023) (cleaned up). "[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." *United States v. Jeffrey*, 631 F.3d 669, 679 (4th Cir. 2011). And "[w]hen a district court has fully addressed the defendant's central thesis during sentencing, it need not address separately each supporting data point marshalled for a downward variance." *Fowler*, 58 F.4th at 153-54 (internal quotation marks omitted).

If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *Nance*, 957 F.3d at 212. Under § 3553(a), "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of the factors set forth in § 3553(a)(2). Substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted). Any sentence below or within "a properly calculated Guidelines range is presumptively reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

3

Upon review, we find the sentence to be both procedurally and substantively reasonable. The court made an individualized assessment of the facts, including Mata's extensive criminal history, the serious orbital fracture and permanent injury suffered by the victim who was just trying to do his job, Mata's substance abuse issues, his family support, the gunshot wounds he previously suffered, Mata's mental health, and the need for a serious consequence for such violent conduct. After balancing the factors, the court denied the motion for a downward variance due to the need to promote respect for the law, provide just punishment, and reflect the seriousness of the conduct. Contrary to Mata's argument on appeal, the court addressed all of counsel's arguments for a below-Guidelines sentence, noting Mata's gunshot injuries and that he was in a wheelchair, the multiple enhancements that applied in the sentence calculation, his work history, and the progress he has made since his injury, and granted his request for placement near family as well as for medical, substance abuse, and mental health treatment. The court explicitly discussed how it balanced the sentencing factors and announced that it had considered all the parties' arguments.

Accordingly, because Mata's sentence is both procedurally and substantively reasonable, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4